UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JUAN MANUEL SAHAGUN POLAYO**<br>**# 33397-280** | : | **DOCKET NO. 2:15-cv-2813** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **BECKY CLAY** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by pro se plaintiff Juan Manuel Sahagun Polayo ("Polayo") on November 11, 2015. Doc. 1, p. 1. At the time of filing, he was an inmate at FCI Oakdale II in Oakdale, Louisiana. *Id.*

### I.
#### BACKGROUND

After the action was transferred to this court, we ordered the petitioner to amend the pleadings with directions to submit the petition on approved forms and provide the $5.00 filing fee or a completed application to proceed *in forma pauperis.* Doc. 2, 5. Also, a notice was sent by this court to the petitioner by mail to advise any possible counsel not admitted to practice before the United States District Court for the Western District of Louisiana on the steps needed to be taken to be authorized to practice in this district. Doc. 7, p. 1.

Each document sent to the petitioner at FCI Oakdale II in Oakdale, Louisiana was returned with the notation "return to sender". Doc. 6, 8, 9. The address to which the documents were sent is the last known address for the petitioner as provided in the initial petition.

## II.
### LAW AND ANALYSIS

Federal Rules of Civil Procedure Rule 41(b) allows the court to dismiss a claim "[f]or failure of the plaintiff to prosecute or to comply with . . . any order of court . . . ." Also, the ability of the court to dismiss a claim *sua sponte* is an inherent power of the court to prevent "undue delays in the disposition in pending cases and to avoid congestion in the calendars of District Courts." *Link v. Wabash R.R. Co.*, 82 S.Ct. 1386, 1388 – 89 (1962). Moreover, the Western District of Louisiana Local Rule 41.3 provides, "The failure of [a]…pro se litigant to notify the court of a current…postal address may be considered cause for dismissal for failure to prosecute when notice is returned to the court because of an incorrect address."

The numerous articles of mail sent by this court to the petitioner regarding his petition were all returned. The plaintiff has not contacted this court in regard to a change of address, nor are there any items on the record to support the possibility that the petitioner has made such an attempt.

## III.
### CONCLUSION

Therefore, **IT IS RECOMMENDED** that Polayo's claim be **DISMISSED WITHOUT PREJUDICE** in compliance with Fed. R. Civ. P. 41(b) and Local Rule 41. 3.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days**

**following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Ass'n***, 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 22nd day of June, 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE